[Circuit Court of Lucas County.]

ALBERT V. BAUMAN ET AL v. EDWIN D. GOULET ET AL.

Decided, October 31, 1903.

*Lien—Of Judgment Creditor—Saved from Becoming Dormant—By Answer and Cross-Petition in Foreclosure Suit—Filed Within Five Years of the Date of the Judgment—The Rule in Dempsey v. Bush—Execution.*

Where one owning a living judgment, which is a lien on lands, is made a party defendant and enters his appearance in an action to foreclose a mortgage which is an inferior lien upon said lands, the petition in which case contains the averment that such defendant claims some interest in or lien upon said lands, and contains a prayer that he may be required to answer and set up whatever interest or lien he may have or be forever debarred from asserting the same; and also for a marshalling of liens, a foreclosure of plaintiff's mortgage, a sale thereunder, etc., the priority of the lien of such judgment is preserved in the proceeds of a sale made in said action, if an answer and cross-petition setting the same up and asking appropriate relief touching the same is filed in the case within rule, though it may not be filed until more than five years from the date of such judgment, and no execution has been issued thereon during such period.

PARKER, J.; HAYNES, J., and HULL, J., concur.

This case comes into this court by appeal, and the question we have to dispose of arises upon a demurrer to the answer and cross-petition of Willard F. Robison. The action of the plaintiffs is to foreclose a mortgage upon certain premises. Willard F. Robison, it appears, recovered a judgment against Henry H. Cushing, who at one time was the owner of these premises, the judgment having been recovered November 15, 1897. Afterward Edwin D. Goulet became the owner of the premises and mortgaged them to the plaintiff. Within five years of the date of the judgment recovered by Robison the petition in foreclosure was filed by the plaintiff. Robison was made a party defendant, and it was averred in the petition with respect to him that he had or claimed a lien upon the premises, to-wit:

"Plaintiffs further say that the defendants, Willard F. Robison, A. V. Bauman and E. B. Smith, trustees of the Imperial Savings Co., and J. H. Krause claim some interest or liens on the real estate described herein, of the exact nature of which these plaintiffs are not advised, but which they say are inferior to the liens of plaintiffs herein; that they, therefore, pray that they may be required to answer and set up whatever interest or liens they may severally have in or to the real estate described herein, or be forever barred from asserting the same."

There is a general prayer for the marshaling of the liens, the foreclosure of the mortgage, sale of the premises, distribution of the proceeds, etc. As I say, Robison was made a party defendant within five years of the date of the recovery of his judgment against Cushing and he entered his appearance to the suit, from which it should be assumed, and is assumed by counsel in argument, and will be assumed by us as one of the facts in the case, that he became a party and came into the case to all intents and purposes upon the date that the petition was filed, which was October 20, 1902. He filed his answer and cross-petition upon his judgment upon December 17, 1902, which was something over five years from the date that he obtained his judgment. A demurrer to his cross-petition is filed by the plaintiff. The contention is that not having had any execution issued upon his judgment within five years from the time of its recovery, which is one of the conceded facts in the case, and not having filed his cross-petition upon his judgment within five years from its recovery, the lien of the judgment is lost. The statutes bearing upon this subject are as follows: Section 5375 provides that a judgment shall be a lien upon the lands of the judgment debtor in the county where the judgment is recovered, from the first day of the term at which the judgment is recovered—that is, a judgment of an ordinary character and of the character of the judgment recovered by Robison in this case. Section 5380 provides:

"If execution on a judgment rendered in any court of record in this state, or a transcript of which has been filed as provided in Section 5367 be not sued out within five years from the date of the judgment, or if five years intervene between the date of the last execution issued on such judgment and the time

of suing out another execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor.''

It is upon the terms of this statute that the plaintiff demurring relies. An important exception has been, as we may say, engrafted upon the statute by a decision of the Supreme Court in the case of *Dempsey* v. *Bush,* reported in 18 O. S., page 376, and the whole matter is stated in the second proposition in the syllabus:

''In an action to subject mortgaged land to sale, and to ascertain and marshal the liens thereon, a judgment creditor, who was properly made a party while his judgment was alive, will not lose his right to share in the distribution of the money arising from the sale, by the fact that his judgment became dormant pending the action.''

Now it is conceded by the plaintiff that the rule as broadly stated in that syllabus, if applied to this case would require the overruling of this demurrer; but he insists that that proposition of the syllabus shall be read in the light of the facts in that case and that the rule is too broadly stated; and the particular fact in the case which he insists modifies or qualifies the rule is that in that case a cross-petition upon the judgment lien was filed within five years of the date of the recovery of the judgment, and counsel call attention to certain utterances of the Supreme Court which seem to give some color to the argument that some of the court at least have regarded the rule as being stated too broadly in this case of *Dempsey* v. *Bush* and have regarded the filing of the cross-petition (where a defendant seeks to preserve or enforce his lien) and within five years from date of judgment or execution as an important element necessary to preserve the lien of his judgment. In the case of *Fort, Sadler & Bailey* v. *Casper Litmer,* reported in the 31st O. S., 215, Judge Gilmore, in delivering the opinion, says with reference to this proposition in *Dempsey* v. *Bush:*

''The second proposition of the syllabus in this case is cited by the plaintiffs in error in support of the motion. Although the language used in this proposition is somewhat broader than was necessary for the decision of the case then before the court,

still it is not broad enough to cover the claim of the plaintiff
in this case, by any fair construction.''

In *Fort* v. *Litmer,* 31 O. S., 215, the rule in *Dempsey* v. *Bush*
is stated with the qualification that the party shall file his cross-
petition before the expiration of the five years, and it is stated
as if that were one of the elements of the rule, whereas it is
not so stated in the case of *Dempsey* v. *Bush.*   Quoting from
*Fort* v. *Litmer:*

''In such a case it has been held that a defendant holding a
judgment lien, which becomes dormant *after the filing of his
answer setting it up,* will be protected,'' etc.

That, of course, is consistent with what is held in the case of
*Dempsey* v. *Bush* and consistent with the facts in that case,
though it suggests a qualification of the rule as stated in that
case.   Reading from the opinion of Judge White in *Dempsey*
v. *Bush:*

''The land sought to be subjected to sale was, at the com-
mencement of the suit, subject to two mortgages and a large
number of judgments liens.   By the records, the judgment in
favor of Ross' executors was prior to plaintiff's mortgage; but,
by agreement between the parties, the mortgage was to be first
paid.   In this state of the title, a sale upon execution would not
have been an adequate remedy.   This could only be afforded
in equity, in a suit to which all the lienholders were parties,
and where the various liens could be ascertained and marshaled,
the property  sold discharged of such liens, and the proceeds
properly distributed.''

What is said in reference to the state of facts in that case—
the result of a sale on execution, and the propriety of marshal-
ing liens, etc.—is applicable to the case at bar.   Then he pro-
ceeds:

''Such is the character of this suit, instituted by the plaintiff
as mortgagee to foreclose his mortgage, and to which the judg-
ment creditors are parties; and its prosecution having resulted
in a sale of the land, it has, in equity, performed the same of-
fice as respects the judgments, which would have been per-
formed by sale on execution had that form of process been
available and resorted to.

"The object of the suit from its commencement, was to subject the land to sale for the benefit of the parties; and it would be exacting a vain thing of a judgment creditor to require him, pending the suit, to make an ineffectual attempt, by execution, to accomplish the object for which the suit was being prosecuted."

And it is conceded by counsel for plaintiff here that it would be a vain thing to have execution issued; but still it is urged that a party insisting upon and attempting to preserve the lien of his judgment, should do something on his own behalf, should take some active measure, should at least file his cross-petition within the five years which would be an act done by him and which would have the same effect under the rule laid down in *Dempsey* v. *Bush* as having execution issue; that he should not action taken in his behalf, action which, it is urged, is in an action taken in his behalf, action which, it is urged, is in some degree adversary to him; that he should undertake to enforce his own claim, and that if he finds that an execution is impracticable, or would be idle and vain, if an action is begun to marshal liens upon the property, he should within the five years file his answer and cross-bill on his own behalf for relief. But Judge White says in this case, reading further:

"The action is a proceeding in equity to enforce the payment of the judgments and mortgages from the land; and in distributing the money resulting from its prosecution, it seems to us no good reason exists in equity why a judgment creditor, who was properly made a party while his judgment was alive, should lose his right to share in the distribution by the omission to issue execution, which, under the state of the title, could not have resulted in the sale of the land.

"The nature and object of the suit was the execution and enforcement of the liens of all the parties; and, when properly and successfully resorted to, it may well be held to supercede the necessity of other modes of execution."

The court considers the action of marshaling the liens as an action on behalf of all parties interested in the land, superseding and obviating the necessity for an execution on behalf of any who are to be made parties to the suit—that it is in effect a sort of an equitable execution, taking possession of the property and

bringing it to sale for the benefit and in favor of all parties interested; and we think that this is a proper view of the matter, and that is the real kernel in this case.   Although as a matter of fact in this case of *Dempsey* v. *Bush* a cross-petition was filed before the five years had expired, whereas in the case at bar it was not filed until after, we think the fact that the cross-petition was not filed herein until afterwards makes no difference.   What the situation of the defendant, Robison, might be if the plaintiff had dismissed the action before Robison had filed his answer and cross-petition, we need not stop to inquire, because that case has not arisen.   It might put him in a very embarrassing situation, but the plaintiff has not done that.   The plaintiff is prosecuting his action, and Robison has a right to be heard in the action and to have his lien taken care of.

Entertaining these views, the demurrer to the cross-petition is overruled.

*W. T. S. O'Hara,* for plaintiffs.

*Hamilton & Kirby, W. T. S. O'Hara, T. L. Gifford,* for defendants.